FILED 25 MAR 4 16:30USDC-ORN

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

Jacob Peoples, Plaintiff

v.

Oregon Department of Human Services (DHS), Child Protective Services (CPS),

Melynda Owens, Jody Matheny, and Rowna Hunt, in their individual and official capacities,

Defendants.

Case No.: [Leave blank for the court to assign]     1:25-CV-00378-CL

**CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983**

**DEMAND FOR JURY TRIAL**

I. INTRODUCTION

Plaintiff Jacob Peoples brings this action against the Oregon Department of Human Services (DHS),
Child Protective Services (CPS), and individual caseworkers Melynda Owens, Jody Matheny, and Rowna Hunt for
violating his constitutional rights under the Fourteenth Amendment (Due Process and Equal Protection),
the First Amendment (Retaliation), and federal parental rights protections.

Defendants have unlawfully interfered with his parental rights, engaged in discriminatory practices,
denied him access to his son's medical care, retaliated against him for advocating for his rights,
and engaged in misconduct that has caused severe emotional and financial harm.

This lawsuit seeks to hold Defendants accountable for their egregious abuse of power and demands injunctive relief,
damages, and declaratory relief to restore Plaintiff's parental rights and expose the systemic corruption within CPS.

II. JURISDICTION & VENUE

1. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, as this case involves violations
   of Plaintiff's constitutional rights.
2. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this claim

occurred in Medford, Oregon.

3. Defendants acted under the color of state law, making them subject to liability under federal civil rights law.

III. PARTIES

Plaintiff:

- Jacob Peoples is a resident of Medford, Oregon, and the biological father of Jaxton Peoples and Ava Peoples.

Defendants:

- Oregon DHS / CPS – A state agency responsible for child welfare that has knowingly allowed constitutional violations by its employees.
- Melynda Owens – CPS caseworker who has actively obstructed reunification, fabricated false claims, and acted with bias against Plaintiff.
- Jody Matheny – CPS supervisor who has upheld unjustified restrictions on Plaintiff's rights, retaliated against him, and violated state
  and federal laws governing child welfare cases.
- Rowna Hunt – CPS caseworker who has participated in the discriminatory and illegal conduct of DHS/CPS by denying Plaintiff equal
  treatment and access to his children.

IV. FACTUAL ALLEGATIONS

1. Plaintiff's CPS case originated due to concerns about substance use and housing instability. However, Plaintiff has since
   achieved long-term sobriety, secured stable housing, and completed all requirements for reunification.
2. Defendants have continuously moved the goalposts by fabricating new reasons to deny Plaintiff his rights.
3. Defendants have engaged in blatant discrimination against Plaintiff by allowing the children's mother, Megan, increased visitation
   while denying Plaintiff the same opportunity.
4. Defendants have unlawfully denied Plaintiff access to his son's medical appointments, violating his constitutional parental rights.
5. Defendants canceled, delayed, and obstructed visits without legal justification, causing emotional harm to Plaintiff and his children.
6. Defendants have refused to provide a reunification plan and have retaliated against Plaintiff for contacting advocacy organizations
   and pursuing legal action.
7. Plaintiff has exhausted all options within the DHS system and now seeks legal redress through this Court to protect his fundamental
   rights as a parent.

V. CLAIMS FOR RELIEF

COUNT I – VIOLATION OF DUE PROCESS (14th Amendment) (42 U.S.C. § 1983)
- Plaintiff has a fundamental constitutional right to parent his children under the Due Process Clause of the Fourteenth Amendment.
- Defendants unlawfully deprived Plaintiff of this right without fair process, using false claims, retaliation, and procedural roadblocks.
- CPS's continued interference despite Plaintiff fulfilling all case plan requirements constitutes a clear due process violation.

COUNT II – VIOLATION OF EQUAL PROTECTION (14th Amendment) (42 U.S.C. § 1983)
- Defendants have intentionally discriminated against Plaintiff by granting the children's mother increased parental access
 while denying Plaintiff the same rights.
- Gender-based discrimination in parental rights is unconstitutional, yet CPS continues to treat fathers unfairly.

COUNT III – RETALIATION FOR EXERCISING FIRST AMENDMENT RIGHTS
- Plaintiff exercised his right to petition the government for grievances by contacting the Governor's office, legal organizations,
 and advocacy groups.
- In retaliation, CPS caseworkers escalated their obstruction of visits, threatened termination of parental rights,
 and fabricated new obstacles.
- This retaliation constitutes a clear violation of Plaintiff's First Amendment rights.

COUNT IV – INTERFERENCE WITH PARENTAL RIGHTS & MEDICAL DECISION-MAKING
- Plaintiff has a legal right to be involved in his children's medical care.
- Defendants blocked him from attending medical appointments, violating both state and federal laws protecting parental decision-making.
- This deliberate obstruction has caused harm to Plaintiff's child and deprived Plaintiff of his rightful authority as a father.

VI. RELIEF REQUESTED
WHEREFORE, Plaintiff demands judgment against Defendants as follows:
1. A declaratory judgment that Defendants have violated Plaintiff's constitutional rights.
2. A court order restoring Plaintiff's full parental rights, including unrestricted visitation and equal parenting access.
3. An injunction prohibiting CPS from further interference with Plaintiff's parental rights.
4. Compensatory damages in the amount of $2,000,000 for emotional distress, loss of parental time, and retaliation.
5. Punitive damages in an amount to be determined at trial against individual Defendants for intentional misconduct.
6. Attorney's fees and costs under 42 U.S.C. § 1988.

7. Any other relief this Court deems just and proper.

VII. DEMAND FOR JURY TRIAL
Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

Jacob Peoples
1015 S Riverside Ave
Medford, OR 97501
Phone: 458-658-9181
Email: msmmjoyce17@gmail.com
Plaintiff, Pro Se (Representing Myself)