UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JACOB PEOPLES,<br><br>    Plaintiff,<br><br>    v.<br><br>OREGON DEPARTMENT OF HUMAN SERVICES; CHILD PROTECTIVE SERVICES; MELYNDA OWENS; JODY MATHENY; and ROWNA HUNT,<br><br>    Defendants. | Case No. 1:25-cv-00378-CL<br><br>**ORDER** |

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Jacob Peoples filed this action against Defendants Oregon Department of Human Services, Child Protective Services ("CPS"), Melynda Owens, Jody Matheny, and Rowna Hunt. Plaintiff brings a civil rights action under 42 U.S.C. § 1983 arising out of Defendants' alleged failure to allow him access and reunification with his minor children. Compl., ECF No. 1. Before the Court is Plaintiff's Motion for Injunctive Relief. Mot. for Injunctive Relief ("Motion"), ECF No. 9. Plaintiff seeks an order restoring his parental rights and an injunction prohibiting CPS from further alleged interference with his parental rights. Compl. at 3. For the following reasons, Plaintiff's motion is denied.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). A party seeking a preliminary injunction must demonstrate: (1) likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Id.* at 20. The moving party "has the general burden of establishing the elements necessary to obtain injunctive relief." *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). A court may only issue a preliminary injunction on notice to the adverse party. Fed. R. Civ. P. 65(a)(1).

The Court has reviewed the filings in this case and concludes that Plaintiff has failed to make the showing necessary to support a preliminary injunction. As a threshold matter, no Defendants have appeared, and Plaintiff has not established notice of the Motion to an adverse party. Moreover, Plaintiff has not met his burden of establishing any of the *Winter* elements. The grounds for Plaintiff's Motion states, in full:

> Ongoing Irreparable Harm,
> Denial of Due Process
> Bias [and] Conflict of Interest
> Unlawful Interference with Visitation
> Medical Making Decision Making Violations

Motion at 1. Recognizing that Plaintiff is self-represented and reading his Complaint and Motion liberally, Plaintiff has still not shown that the extraordinary remedy of a preliminary injunction is justified. This is the Court's finding on review of Plaintiff's request for a preliminary injunction and not a final determination on the merits of Plaintiff's claims.

/ / /

/ / /

Page 2 — ORDER

## CONCLUSION

For the reasons above, Plaintiff's Motion for Injunctive Relief (ECF No. 9) is DENIED.

DATED this <u>13th</u> day of March 2025.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge

Page 3 — ORDER