IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JACOB PEOPLES, | Case No. 1:25-cv-00378-CL |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| OREGON DEPARMTENT OF HUMAN SERVICES, *et al*, | |
| Defendants. | |

**CLARKE**, Magistrate Judge.

Plaintiff Jacob Peoples, self-represented litigant, ("Plaintiff"), seeks to proceed *in forma pauperis* ("IFP") in this action against Defendants Oregon Department of Human Services ("DHS"), Child Protective Services ("CPS"), and three CPS employees ("Defendants"). For the reasons below, Plaintiff's Complaint (ECF No. 1) is DISMISSED without prejudice and with leave to file an amended complaint within thirty (30) days of this Order. Plaintiff's IFP application (ECF No. 2) is held in abeyance and will be reconsidered upon the filing of an amended complaint.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(l), provides indigent litigants an opportunity for meaningful access to the federal courts

Page 1 – OPINION AND ORDER

despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(l). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, a court should construe pleadings by a pro se plaintiff liberally and afford a pro se plaintiff the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Here, the Court's dismissal arises in the second prong. The Court has determined Plaintiff is financially eligible to proceed IFP. However, the Complaint fails to state a claim upon which relief may be granted. The second determination is therefore not satisfied.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Both require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). To strike the correct balance, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The *Rooker-Feldman* doctrine precludes lower federal courts from hearing claims that collaterally attack prior state court decisions." *See Ignacio v. Judges of US Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Perhaps more importantly, federal courts are also generally prohibited from interfering in issues of domestic relations. This exception applies to issues involving child custody. *Andenbrandt v. Richards*, 504 U.S. 689, 703-04 (1992).

Here, there is no mention of pre-existing state court proceedings. However, Plaintiff's claims all stem from his parental rights or lack thereof. Thus, assuming that CPS is acting within the scope of its authority and has opened a case in state court, this action belongs there. If there is no open case in state court, but CPS has still taken actions involving child custody, a violation of due process may exist, but must be explicitly pled in detail.

Additionally, to the extent that custody proceedings are ongoing, *Younger* abstention bars Plaintiffs' claims. "*Younger* abstention is a common law equitable doctrine holding that a federal court generally should refrain from interfering with a pending state court proceeding." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 669 n.4 (9th Cir. 2004). *Younger* abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests; and (3) the state proceedings provide an adequate forum to raise federal questions. *Weiner v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994). The second prong of the test is met, because child

custody is an important state interest. The third prong of the test is likely met as well, because state courts provide an adequate forum for the civil rights concerns pled here. The first prong of the test is less certain. It is unclear based on the allegations whether the child custody proceedings have taken place in state court, let alone concluded. Plaintiff must therefore provide details regarding the status of any related state proceedings. To the extent the first prong is met, *Younger* abstention prevents this Court from interfering in such proceedings.

It is unclear whether amendment will cure the deficiencies in Plaintiff's Complaint. Out of an abundance of caution, the Court will dismiss without prejudice and with leave to file an amended complaint within thirty (30) days from the date of this Order. Plaintiff should consult the Court's website at <ord.uscourts.gov> for important and helpful information regarding self-representation.

## ORDER

Plaintiff's Complaint (ECF No. 1) is DISMISSED without prejudice and with leave to file an amended complaint within thirty (30) days from the date of this Order. Plaintiff is advised that failure to file an amended complaint within the allotted time, or failure to cure the deficiencies identified above, will result in the case being dismissed with prejudice. Plaintiff's IFP application (ECF No. 2) is held in abeyance and will be reconsidered upon the filing of an amended complaint.

DATED this 13 day of March, 2025.

MARK D. CLARKE
United States Magistrate Judge